## (November 18, 1965)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES CHESTER PEARSON, Appellant.— *Per Curiam*. Appeal from a judgment of conviction of manslaughter, first degree, entered upon a plea of guilty, following withdrawal of pleas of not guilty of the crimes of murder in the first degree, whereby the death of defendant's sister was effected, and of attempted murder in the first degree, committed against another sister, for which crimes he had been indicted. Defendant contends that he was deprived of due process by the acceptance of his plea of guilty after his attorney's statement to the court " that this defendant has at all times in his discussions with counsel maintained that the affair was an accident, and that he never at any time had any intent to kill anyone." The attorney then stated, however, that while there was a " certain amount of testimony" supporting that claim, there was " also other testimony which, to put it mildly, does not sustain his claims." At a subsequent hearing defendant's counsel, addressing the court prior to imposition of sentence, made further reference to accident and lack of intent to kill the sister whose death did result; but counsel recognized that the act " unfortunately does not come within the rule of law of excusable homicide " and from his further remarks the implication is clear that criminal intent may have been directed to the other sister and that the victim was shot and killed as she tried to wrest from defendant's hands the gun with which he was threatening the other sister. (See Penal Law, § 1044, subds. 1, 2.) Further, of course, intent to kill is not a necessary ingredient of manslaughter. (Penal Law, § 1050.) It is clear that the statements quoted were not denials of all or any guilt and that defendant's reliance upon *People* v. *Morales* (17 A D 2d 999) is, therefore, not warranted. It is equally clear that defendant chose to plead guilty after long and careful consideration of the risk of his conviction of a higher degree of homicide or of attempted homicide or both (see *People* v. *Griffin*, 7 N Y 2d 511, 516) and with full knowledge that sentence would have to be imposed upon him as a multiple offender. Also without merit is defendant's contention that he was not adequately or competently represented by counsel. Defendant was first represented by an able and experienced attorney whom he had retained and who remained in the case, in association with the attorney subsequently assigned, an active and pre-eminent trial lawyer and former Justice of an Appellate Division, who stated to the court " that, certainly in my experience, I have never known of a man who has had the legal possibilities reviewed as extensively as we have done with Mr. Pearson." Complaint is made, among other things, that counsel did not

move to inspect the Grand Jury minutes, but such a motion was a matter for the exercise of counsel's judgment and here counsel stated on the application to accept the proffered plea: "We have had the opportunity of questioning, interviewing the eyewitnesses, or people who claim to be eyewitnesses, and we of course have the record of the hearing before the justice of the peace, before the committing magistrate." We perceive no basis for relief in defendant's complaint that at the subsequent session, at which sentence was imposed, his assigned attorney was absent by reason of illness, inasmuch as that attorney's office associate was present as was the attorney who had been in the case from the beginning, whom defendant repeatedly recognized as one of his attorneys and whose representation at this final hearing was competent and effective. We have examined defendant's additional contentions and find them without merit. Judgment affirmed. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.